IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| **LIBERTY MUTUAL PERSONAL** | |
| **INSURANCE COMPANY, ET AL.** | **PLAINTIFFS** |
| V. | **CAUSE NO.: 4:23-CV-194-DMB-JMV** |
| **FRANKLIN WINTERS, ET AL.** | **DEFENDANTS/COUNTER-PLAINTIFFS** |
| V. | |
| **LIBERTY MUTUAL PERSONAL** | |
| **INSURANCE COMPANY, ET AL.** | **COUNTER-DEFENDANTS** |

**ORDER DENYING PLAINTIFFS/COUNTER-DEFENDANTS' MOTION TO STAY DISCOVERY AND DISCLOSURE OBLIGATIONS**

**THIS MATTER** is before the Court upon the motion of Plaintiffs/Counter-Defendants Liberty Mutual Personal Insurance Company and Liberty Mutual Insurance Company [14] to stay discovery and disclosure obligations relating to the Counterclaim pending a ruling on its Fed. R. Civ. P. 12(b)(6) motion to dismiss Counterclaim [12]. No response in opposition was filed, and the time to do so has expired. Nonetheless, having reviewed the motion and the applicable law, the Court finds that the motion should be denied.

In the motion, Plaintiffs/Counter-Defendants assert that the "motion is not intended to stay the initial disclosures or discovery relating to Complaint for Declaratory Judgment," but only as to the Counterclaim. Motion [14]. Plaintiffs/Counter-Defendants argue that staying discovery as to the Counterclaim would "prevent potentially unnecessary time and expense to all parties." *Id*. However, the undersigned finds that argument to be unpersuasive. Granting a stay of discovery as to the Counterclaim only would hinder all discovery and could potentially create unnecessary complications down the road, such as necessitating retaking depositions in the event the motion to

dismiss is denied.

When a similar motion to stay was filed in *King Indus., Inc. v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipe Fitting Indus. of the United States & Canada, AFL-CIO*, U.S. Magistrate Judge Linda R. Anderson found that:

> [I]t is the normal practice of this Court to only stay discovery when a motion to remand is filed, or an immunity question or issue of personal jurisdiction exists. *See* Local Rule 16.1. Otherwise, it is rare that the Court would prevent discovery from proceeding due to the filing of a motion for summary judgment. The Court finds that this case is not so unusual so as to stay discovery pending rulings on the dispositive motions filed by Defendants. The motion to stay shall be denied.

2009 WL 10676877, at *1 (S.D. Miss. Apr. 2, 2009).

Similarly, in *Wesco Ins. Co. v. Dove*, U.S. Magistrate Judge Michael T. Parker reasoned that:

> While discovery *may* be stayed pending the outcome of a motion to dismiss, "the issuance of [a] stay is by no means automatic." *Von Drake v. National Broadcasting Co.*, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004). In fact, such a stay is the exception rather than the rule. *See Ford Motor Co. v. United States Auto Club*, 2008 WL 2038887, at *1 (N.D. Tex. Apr. 24 2008). As one court observed, "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b) [ ] would stay discovery, the Rules would contain a provision to that effect." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

2021 WL 6618490, at *1 (S.D. Miss. May 17, 2021).

After consideration of the record in the instant case, the Court finds that the motion to stay is not well taken and is due to be denied.

**THEREFORE,** the Court finds that the Plaintiffs/Counter-Defendants' motion to stay discovery and disclosure obligations [14] shall be and is hereby **DENIED**.

**SO ORDERED,** this the 8th day of January, 2024.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE JANE M. VIRDEN